*lan*, 179 P3d 825 (Utah App, 2008), on which the Court of Appeals therefore unnecessarily relied, is fully consistent with these principles. Reported below: 280 Mich App 464.

PEOPLE V MEXICO, No. 137709; Court of Appeals No. 287052.

ADAIR V UTICA COMMUNITY SCHOOLS, No. 138115. This denial is without prejudice to the defendant's ability to file a motion requesting that the Macomb Circuit Court set the dollar amount of a stay bond in an amount adequate to protect the opposite party, pursuant to MCR 7.209(B)(1). Court of Appeals No. 288286.

*Leave to Appeal Denied March 20, 2009:*

TAYLOR V CURRIE, No. 135728; reported below: 277 Mich App 85.

KELLY, C.J., and CAVANAGH, J. We would grant leave to appeal.

HATHAWAY, J. I would grant leave to appeal to address the issue whether a city, township, or village clerk is authorized under Michigan election law, specifically, MCL 168.759(5), to mass-mail unsolicited absentee voter ballot applications to qualified voters.

HOWE V BOUCREE, No. 136926. Leave to appeal is denied in relation to the judgment of the Court of Appeals ordering a new trial because of misconduct by the plaintiff's attorney. As stated by the panel, the resolution of this issue renders the other appellate issues moot. Accordingly, we vacate the remainder of the Court of Appeals judgment. The application for leave to appeal as cross-appellants is denied. Court of Appeals No. 273949.

KELLY, C.J. I would grant leave to appeal.

GENESEE FOODS SERVICES, INC V MEADOWBROOK, INC, No. 137526; reported below: 279 Mich App 649.

KELLY, C.J. *(concurring).* Defendant, an independent insurance agency, had an agreement with nonparty Citizens Insurance Company of America (Citizens), whereby defendant wrote and sold insurance contracts for Citizens. Defendant sold a Citizens insurance policy to plaintiff that was in effect when a fire destroyed plaintiff's business facility. Plaintiff made and settled an insurance claim against Citizens and released Citizens and its "agents" from any actions relating to events that occurred before the execution of the release. Later, plaintiff sued defendant, claiming that the coverage that defendant had advised it to obtain was inadequate. Defendant moved for summary disposition, arguing that the language of the release unambiguously barred plaintiff's claim. The trial court denied the motion, and the Court of Appeals affirmed.

On appeal to this Court, defendant asserts that the lower courts erred. The release in question states, in pertinent part:

> In consideration of . . . payment . . . the Undersigned do hereby release and forever discharge Citizens . . . and each of its servants, *agents*, adjusters, employees, attorneys, *related companies*, parent